IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALDEN PAULINE, #A0256259, )<br>   )<br>            Plaintiff,   )<br>   )<br>     vs.   )<br>   )<br>HCF ADMINISTRATION, HCF )<br>MEDICAL STAFFS, DEP'T OF )<br>PUBLIC SAFETY, OCCC )<br>ADMINISTRATION,   )<br>   )<br>            Defendants.  )<br>_____ ) | CIV. NO. 12-00179 LEK/BMK<br><br>ORDER DISMISSING COMPLAINT WITH<br>LEAVE GRANTED TO AMEND |

## ORDER DISMISSING COMPLAINT WITH LEAVE GRANTED TO AMEND

Before the court is *pro se* Plaintiff Alden Pauline's prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983.[1] Plaintiff claims that the Department of Public Safety ("DPS"), the Halawa Correctional Facility ("HCF") and Oahu Community Correctional Center ("OCCC") Administrations and medical departments, retaliated against him for reporting illegal activities at OCCC, thereafter failed to protect him, and denied him medical care in violation of the Eighth Amendment. Plaintiff seeks a transfer to a safer facility for his protection.

For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), for failure to state a claim. Because it is possible that Plaintiff can cure the Complaint's deficiencies, he is granted leave to amend.

---

[1] Plaintiff is proceeding *in forma pauperis*. *See* ECF #5

## I. **STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 1951.

   The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe*, 627 F.3d at 342 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).  Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his or her complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  The court should not, however, advise the litigant how to cure

the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff claims that, when he was incarcerated at OCCC, he informed unnamed prison officials that unnamed prison guards were taking drugs with inmates at the prison.  ECF #1, Compl. at 5, Count I.  Plaintiff alleges that, thereafter, three unnamed inmates and two unnamed prison guards attacked him. Plaintiff states that OCCC officials then transferred him to HCF, presumably for his safety, but he alleges that he remains in danger because the prison guards at HCF are related to the OCCC prison guards.  *Id.*

Plaintiff next alleges that HCF officials are aware that the OCCC and HCF guards are related, and know that the HCF guards are threatening him.  Compl. at 6, Count II.  Plaintiff claims that unnamed HCF guards have retaliated against him for filing grievances by putting glass in his food, refusing him razors, and failing to investigate his claims on unspecified dates.  *Id.*

Finally, Plaintiff alleges that unnamed OCCC and HCF medical personnel refused to treat his unspecified injuries, on unspecified dates, despite his pain.  Compl. at 7, Count III.

Plaintiff names no individual defendants and seeks only injunctive relief in the form of a protective transfer from HCF.

### III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327(1986).  When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

**A.   Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Cmty. Redev. Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984).  "All that is required [by Fed. R. Civ. P. 8(a)] is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and

the ground upon which it rests.'" *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996) (quoting *Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 870 (9th Cir. 1991)).

"A plaintiff must allege facts, not simply conclusions, that show that an *individual* was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (emphasis added). A person deprives another of a constitutional right under § 1983, when he or she "'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The "requisite causal connection may be established" not only by some kind of direct personal participation in the deprivation, but also by setting in motion "a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* (citing *Johnson*, 588 F.2d at 743-44).

### 1.   *Plaintiff Fails to Name Any Individual*

Plaintiff's claims fail to plainly and succinctly show that any individual defendant violated his constitutional rights. The DPS, HCF and OCCC "Administrations," and their medical units are not "persons" within the meaning of § 1983. Without some

identifying facts, it is impossible to link any specific individual to Plaintiff's claims.

Only "persons" may be sued in civil actions under 42 U.S.C. § 1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Id.* (citations omitted); *see Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

To properly state a claim under § 1983, Plaintiff must name the individual defendants who violated his federal rights and he must allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo*, 423 U.S. at 370-71).

Plaintiff names only the DPS, HCF and OCCC Administrations, and their medical departments as Defendants. ECF #1. Defendants are simply agencies of a sovereign state

entity and not persons under § 1983.  Plaintiff fails to allege facts showing that any individual or person was personally involved in the alleged deprivation of his civil rights, and therefore fails to state a claim.  Plaintiff shall be given an opportunity to amend his complaint to individually name persons whom he alleges were involved in violating his constitutional rights.

### 2. *Supervisor Liability*

There is no *respondeat superior* liability under § 1983, however.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437–38 (9th Cir. 1993).  A supervisor's liability can be established if the supervisor sets "in motion a series of acts by others," or "knowingly refuses to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001) (quoting *Redman v. Cnty of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991)) (alteration in original; internal quotation marks omitted), .

"A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652

F.3d 1202, 1207 (9th Cir. 2011), *cert. denied*, (2012) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).

Plaintiff must show that a supervisor breached a duty to him which was the proximate cause of his alleged injury. *Baca*, 652 F.3d at 1207 (quoting *Redman v. Cnty of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991). As noted, Plaintiff relates no facts focusing on any individual or individual's duties, responsibilities, or knowledge of and acquiescence in, a subordinate's actions. As such, Plaintiff fails to state a claim for supervisory liability.

### 3.   *Insufficient Facts Alleged*

Plaintiff fails to specify the date or dates that he told OCCC officials about the alleged drug use at the prison, the date that he was allegedly assaulted by the unnamed OCCC guards and inmates, the date that he was transferred to HCF and allegedly subjected to more abuse, or any facts detailing when he requested medical care and what the medical units response to those requests were. Without more, it is impossible to draw the inference that Plaintiff's protected activity influenced any prison official's alleged retaliation or denial of medical care. Without dates or specific allegations stating which Defendant did what to Plaintiff, Plaintiff's claims do not state a plausible claim for relief and are simply Plaintiff's conclusions. *See Twombley*, 550 U.S. at 570.

While Plaintiff's allegations may suggest retaliation and threats to his safety, other conclusions are just as plausible. Plaintiff supplies no supporting details to allow this court or Defendants to make the necessary leap that move Plaintiff's claims from possibilities to plausible inferences that any specific individual is responsible for his claims. *See Twombly*, 550 U.S. at 570. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and this is all Plaintiff provides. *Iqbal*, 129 S. Ct. at 1949.

As written, it is impossible to determine who did what to Plaintiff, when his claims accrued, what his specific claims against any individual entails, and how Plaintiff's constitutional rights were violated. Plaintiff's Complaint therefore fails to state a claim for relief and is DISMISSED with leave granted to amend.

**B.   Retaliation**

To state a retaliation claim under § 1983, a prisoner must demonstrate that (1) prison officials retaliated against him for exercising his constitutional right; and (2) the retaliatory action did not advance legitimate penological goals, such as the preservation of institutional order, discipline, security, or rehabilitation of prisoners. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *Pratt v. Rowland*, 65 F.3d 802, 806-07 (9th Cir. 1995). The prisoner has the burden of pleading and proving the

absence of legitimate correctional goals.  *Pratt*, 65 F.3d at 806. Furthermore, a retaliation claim without an allegation of a "chilling effect" or other harm is not actionable.  *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000).

Plaintiff broadly alleges that HCF and OCCC Administration Defendants retaliated against him.  Plaintiff suggests that OCCC prison officials transferred him to HCF after he was assaulted in retaliation for his whistleblowing.  See Compl. at 5.  The most plausible inference to draw from this set of facts, however, is not that these officials retaliated against Plaintiff, but rather, that they acted to protect him. Similarly, Plaintiff provides no facts supporting a plausible inference that HCF officials retaliated against him once he arrived there.  As such, Plaintiff fails to set forth a retaliation claim against the OCCC and HCF Administrations or medical units.

Plaintiff is apparently alleging that unnamed prison guards and OCCC inmates retaliated against him for reporting the illegal activities allegedly occurring at OCCC.  But, as noted, Plaintiff neither names these individuals, nor provides any identifying facts indicating who these individuals are, or any facts suggesting a connection between his protected activity and their alleged retaliatory acts.  As such, Plaintiff fails to state a claim.

**C.   Denial of Medical Care**

Plaintiff alleges that the OCCC and HCF medical units "do not want to provide me the treatment that I need for my medical injury" following the alleged attack at OCCC.  The Eighth Amendment requires that prisoners receive adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).  To state an arguable § 1983 claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs."  *Estelle*, 429 U.S. at 106; *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

Deliberate indifference involves two elements: "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need."  *McGuckin*, 974 F.2d at 1059; *see also Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003).  That is, a plaintiff must demonstrate "'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care.  Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002)(citing *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)).

Although Plaintiff demonstrates a serious medical need, because he claims he is injured and in great pain, he provides nothing showing that the OCCC and HCF medical unit's response to his need was motivated by a sufficiently culpable, deliberately indifferent state of mind. Plaintiff's claim that they "do not want to provide" him treatment can mean that they refused him treatment, or that he disagrees with the treatment they have provided. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (a difference in opinion regarding medical care does not establish deliberate indifference). Without more detail, Plaintiff fails to state a claim for the delay or denial of medical care.

**D.   Threat to Safety**

Prison officials are required to take reasonable measures to guarantee the safety of inmates and they have a duty to protect prisoners from violence at the hands of other prisoners or guards. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). To state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to his safety. *Farmer*, 511 U.S. at 834; *Frost*, 152 F.3d at 1128; *Redman v. County of Los Angeles*, 942 F.2d 1435, 1443 (9th Cir. 1991) (*en banc*).

Thus, a plaintiff must set forth facts supporting an inference that defendant knew of, but disregarded, an excessive risk to an inmate's safety. *Farmer*, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Farmer*, 511 U.S. at 837; *Frost*, 152 F.3d at 1128; *Redman*, 942 F.2d at 1442. Plaintiff fails to allege facts that support an inference that Defendants were deliberately indifferent to threats to his safety. As such, Plaintiff fails to state a claim.

### IV. <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED as discussed above. Plaintiff may file a proposed amended complaint on or before **May 31, 2012**. The proposed amended complaint must cure the deficiencies noted above and demonstrate how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.

The court will not refer to the original pleading to make any amended complaint complete. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named and claims not realleged in an amended complaint are deemed waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, as a

general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  In an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

## V.   28 U.S.C. § 1915(g)

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.   CONCLUSION

IT IS HEREBY ORDERED that:

(1)   The Complaint is DISMISSED for failure to state a claim, as discussed above.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(2)   Plaintiff is GRANTED leave to file a proposed amended complaint curing the deficiencies noted above on or

before **May 31, 2012**.  Failure to timely amend the Complaint and cure its pleading deficiencies will result in **AUTOMATIC DISMISSAL** of this action for failure to state a claim, and may be counted as strike pursuant to 28 U.S.C. § 1915(g).

(3)  The Clerk of Court is directed to mail a form prisoner civil rights complaint to Plaintiff so that he may comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 1, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Pauline v. HCF Administration, et al.,* Civ. No. 1:12-00179 LEK-BMK, Order Dismissing Complaint With Leave Granted to Amend; psa/Screening/dmp/2012/Pauline 12-179 lek (imp defs, ftsc R8 lv amd)